UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
ANTHONY FORTE,                          :
                    Petitioner,         :
                                        :    07 Civ. 2533 (DLC)
         -v-                            :
                                        :    OPINION & ORDER
DARWIN LACLAIR,                         :
                    Respondent.         :
                                        :
----------------------------------------X

Appearances:

Pro se Petitioner:
Anthony Forte
No. 00A2884
Green Meadow Correctional Facility
P.O. Box 51
Comstock, New York 12821

For Respondent:
Nancy D. Killian
Christopher J. Blira-Koessler
Assistant District Attorneys
Bronx County
198 East 161st Street
Bronx, New York 10451

DENISE COTE, District Judge:

   Anthony Forte brings this timely pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction on one count of Rape in the First Degree, N.Y. Penal Law § 130.35(1), one count of Sodomy in the First Degree, id. § 130.50(1), and one count of Kidnapping in the Second Degree, id. § 135.20.  This case was referred to Magistrate Judge Ronald L. Ellis for a report and recommendation ("Report").  The Report

was issued on April 24, 2008, and recommends that the writ be denied and the petition dismissed on the grounds that Forte's claims are without merit. Forte has not filed any objections to the Report. This Opinion adopts the Report.

The facts relevant to the petition are set forth in the Report and summarized here. On the evening of November 14, 1997, Tiesha Stephens was raped and sodomized after leaving a bar, where she had met Forte and talked with him, and where she had witnessed Forte tussle with her sister, who cut Forte above his eye with a bottle. Stephens gave a physical description of her attacker to the police. Five days later, the police showed Stephens a photo array, from which she selected two photographs of a man named Bishop Roderick, who she claimed could have been her attacker, although she made clear that she was not certain. Through different channels, the police identified Forte as a possible suspect. On November 28, Stephens viewed a lineup and identified Forte as her attacker and Forte was arrested.

On November 29, Forte was arraigned in Criminal Court, Bronx County. The case was adjourned for grand jury action until December 4; on that date, Forte appeared before the grand jury and agreed to adjourn again until December 17. Forte's appearance was again adjourned to December 18, when he testified before the grand jury. The same day, the grand jury returned a true bill. Forte's case was transferred to the Supreme Court,

2

Bronx County and, through a series of requests by both defense counsel and the State, the case was adjourned into early 2000. Certain of these adjournments were due to Forte's refusal to submit a hair sample for testing, his refusal to submit to security precautions made necessary by the detection of metal in his body, and vacations taken by his attorney. The vast majority of that lapse in time, however, was attributable to the State's January 4, 1999 request for more time to investigate hairs found at the crime scene on the date of the incident, of which the State claimed it had only recently become aware. The court delayed the proceedings to allow the State to conduct its investigation, but on June 23, 1999, the State abandoned its investigation because of concerns over the time needed to obtain forensic results.

On February 1, 2000, Forte moved to dismiss the indictment, claiming that his right to a speedy trial was violated by 287 days of unnecessary delay. In the motion, however, Forte's trial counsel conceded that some of that delay occurred as a result of his own unavailability. The State claimed that it could be charged with only seventy-four days, and that the remaining days of delay were either chargeable to Forte because of his unwillingness to submit to security procedures or forensic testing, or because of his counsel's unavailability, or were beyond the control of the State and therefore not

chargeable to it. The court summarily denied Forte's motion on March 22 and trial began on April 4.

At trial, Stephens testified and behaved in an erratic and inflammatory manner during cross-examination, despite the judge's repeated admonitions. At one point, Stephens referred to Forte's "parole officer" and his "rap sheet . . . which has rapes of little girls." The judge promptly instructed the jury to disregard the statement because it was "totally improper" and "has no evidentiary value whatsoever." Forte's counsel moved for a mistrial after Stephens' comment, at the close of Stephens' testimony, again later in the trial, and once more at the close of the State's case. All four motions were denied. Forte's counsel also requested that an additional curative instruction be given to the jury. The court gave counsel the opportunity to draft such an instruction, but it appears that none was submitted to the court.

In his summation, defense counsel contended that Stephens lied about Forte's prior "rapes of little girls." Neither the State in summation nor the court in its charge made reference to Stephens' comment. Following the charge, defense counsel objected to the court's failure to include a curative instruction concerning Stephens' testimony. The court rejected this request, observing that a curative instruction had been given immediately after the comment was made by Stephens and

that both the prosecution and the defense had "bandied about" the comment during the trial and thus had time to address it before the jury.[1]

The jury convicted Forte of Rape in the First Degree, Sodomy in the First Degree, and Kidnapping in the Second Degree on May 24, 2000. He was sentenced to three consecutive terms of fifteen years' imprisonment.

In his appellate brief, prepared by appellate counsel, Forte raised three claims: (1) his speedy trial motion should have been granted because the State was responsible for the 170-day[2] delay resulting from its ultimately abandoned investigation into the hairs discovered at the crime scene; (2) Stephens' misconduct during her testimony -- in particular her claim that Forte "rape[d] little girls" -- deprived Forte of a fair trial; and (3) the kidnapping conviction violated Forte's right to due process because the kidnapping was incidental to the rape and sodomy convictions. With regard to the third claim, Forte

---

[1] The court indicated that it understood defense counsel's objection to turn on the jury's evaluation of Stephens' credibility. The charge required the jury to evaluate Stephens' testimony "as she testified here in court."

[2] Although Forte's February 1, 2000 request to dismiss the indictment because of delay charged the state with 287 days of delay, appellate counsel only sought to charge the state with 170 days of delay, in addition to the forty-six days conceded by the State. Forte's petition incorporates the appellate brief and, implicitly, appellate counsel's argument that 170 more days of delay are chargeable to the state.

5

argued in the alternative that, in the interests of justice, the sentence on his kidnapping conviction should run concurrently with the other two sentences.

The Appellate Division unanimously affirmed Forte's conviction, but modified his sentence so that the kidnapping sentence would run concurrently with the other sentences. People v. Forte, 771 N.Y.S.2d 342 (App. Div. 1st Dep't 2004). In affirming the conviction, the Appellate Division found that Forte's right to a speedy trial had not been violated because much of the delay was attributable to Forte himself: "Most of these adjournments resulted from defendant's refusal to submit to security procedures, thus preventing his being produced in court, from motion practice engendered by this refusal and by his refusal to provide hair samples, and from defense counsel's unavailability." Id. at 342. Further, the Appellate Division found that Forte had not demonstrated prejudice. The Appellate Division also found that Stephens' behavior at trial did not provide a basis for mistrial, "since the jury is presumed to have followed the court's prompt and effective curative instructions." Id. at 343. The New York Court of Appeals denied Forte leave to appeal on April 20, 2004. People v. Forte, 811 N.E.2d 42 (N.Y. 2004).

Forte filed a petition for a writ of coram nobis on April 26, 2005, claiming ineffective assistance of his appellate

counsel. According to Forte, appellate counsel should have argued that the photo array and lineup were unfairly suggestive and that one of the State's witnesses testified falsely at trial that Stephens had identified Forte in a photo array. The Appellate Division denied Forte's petition on September 26, 2006; the New York Court of Appeals denied leave to appeal on January 5, 2007.

The instant petition was received by this Court's Pro Se Office on February 28, 2007. The petition challenges Forte's conviction on three grounds: (1) the State violated his right to a speedy trial; (2) Stephens' misconduct during her testimony deprived Forte of a fair trial; and (3) appellate counsel provided ineffective assistance.

The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendations of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Figueroa v. Riverbay Corp., No. 06 Civ. 5364(PAC), 2006 WL 3804581, at *1 (S.D.N.Y. Dec. 22, 2006) (citation omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, modified the standard under which federal courts review Section 2254

7

petitions.  Habeas relief may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. §§ 2254(d)(1), (d)(2).

For the reasons amply described in the Report and below, Forte has failed to show that the claims in this petition have merit.  First, Forte has not demonstrated that the Appellate Division's rejection of his speedy trial claim is an unreasonable application of the Supreme Court's Sixth Amendment jurisprudence.  See Doggett v. United States, 505 U.S. 647 (1992); Barker v. Wingo, 407 U.S. 514 (1972).  Among other things, Forte admits that some of the delay in his trial was not attributable to the State; he failed to assert a speedy trial claim until he had been in custody for nearly two years; and he failed to demonstrate prejudice resulting from the delay.

Similarly, Forte has not shown that the Appellate Division's rejection of his claim premised on Stephens' misconduct during cross-examination was an unreasonable application of Supreme Court precedent recognizing a trial defendant's due process rights and the presumed curative effect

of prompt instructions by the court.  See Greer v. Miller, 483 U.S. 756, 766 & n.8 (1987).

Finally, Forte's ineffective-assistance-of-appellate-counsel claim fails because he has merely alleged that his appellate counsel failed to raise two arguments concerning Stephens' identification of him.  "To prove ineffective assistance of appellate counsel, it is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made."  Cuoco v. United States, 208 F.3d 27, 32 (2d Cir. 2000) (citation omitted).  Appellate counsel's decision not to include these two arguments in his seventy-page appellate brief -- which succeeded in garnering Forte a substantially shorter sentence -- appears to reflect an effort to "select[] the most promising issues for review."  Jones v. Barnes, 463 U.S. 745, 753.  Further, Forte has not identified any non-speculative prejudice arising from appellate counsel's decision.  See Strickland v. Washington, 466 U.S. 668, 687-94 (1984).

CONCLUSION

The recommendation of Magistrate Judge Ellis is adopted and the petition for a writ of habeas corpus is denied.  In addition, the Court declines to issue a certificate of appealability.  Forte has not made a substantial showing of a

9

denial of a federal right, and appellate review is therefore not warranted. Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). Moreover, Forte made no objection to the Report, and as the Report so advised him, he has waived his right to appeal. Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003). The Clerk of Court shall dismiss the petition.

SO ORDERED:

Dated: New York, New York
June 11, 2008

*[signature]*
DENISE COTE
United States District Judge

Copies sent to:

Anthony Forte  
No. 00A2884  
Green Meadow Correctional Facility  
P.O. Box 51  
Comstock, NY 12821

Nancy D. Killian  
Christopher J. Blira-Koessler  
Assistant District Attorneys  
Bronx County  
198 East 161st Street  
Bronx, NY 10451