```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
ANTHONY FORTE,                           :
                      Petitioner,        :
                                         :   07 Civ. 2533 (DLC)
         -v-                             :
                                         :   OPINION & ORDER
DARWIN LACLAIR,                          :
                      Respondent.        :
                                         :
-----------------------------------------X
```

Appearances:

<u>Pro se</u> Petitioner:
Anthony Forte
No. 00A2884
Green Meadow Correctional Facility
P.O. Box 51
Comstock, New York 12821

For Respondent:
Christopher J. Blira-Koessler
Assistant District Attorney
Bronx County
198 East 161st Street
Bronx, New York 10451

DENISE COTE, District Judge:

By Order dated June 6, 2007, petitioner's <u>pro se</u> petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was referred to Magistrate Judge Ronald L. Ellis for a report and recommendation (the "Report"). Magistrate Judge Ellis issued his Report on April 24, 2008 and recommended that the writ be denied and the petition dismissed on the ground that Forte's claims were without merit. No objections to the Report were received by this Court. On June 11, 2008, the Court issued an

Opinion & Order (the "June 11 Opinion") adopting the Report, denying the writ, and dismissing the petition.

By letter dated June 26, Forte informed the Court that he had not received a copy of the Report. By Order dated June 27, the Court required Forte to submit any objections to the Report or to the June 11 Opinion by July 25, 2008. Forte's objections were received by this Court's Pro Se Office on July 24. By letter dated August 4, 2008, respondent indicated that he did not intend to file a formal response to the objections filed by Forte.

The court must make a de novo determination of the portions of the Report to which petitioner objects. 28 U.S.C. § 636(b)(1); see United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). When a state court has resolved the petitioner's constitutional claims on the merits, habeas relief may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (d)(2). Having considered Forte's objections, the Report is adopted, the writ is denied, and the petition is dismissed.

The facts of this case are set forth in the Report and summarized in the June 11 Opinion. Briefly, Tiesha Stephens was raped and sodomized on November 14, 1997, after leaving a bar, where she had met Forte and talked with him, and where she had witnessed Forte tussle with her sister, who cut Forte above his left eye with a bottle. Stephens gave a physical description of her attacker to the police. Five days later, the police showed Stephens a photo array, from which she selected two photographs of a man named Bishop Roderick, who she claimed could have been her attacker, although she made clear that she was not certain. Through different channels, the police identified Forte as a possible suspect. On November 28, two weeks after the rape, Stephens viewed a lineup and identified Forte as her attacker and Forte was arrested.

On November 29, 1997, Forte was arraigned in Criminal Court, Bronx County. Through a series of requests by both defense counsel and the State, the case was adjourned into early 2000. Certain of these adjournments were due to Forte's refusal to submit a hair sample for testing, his refusal to submit to security precautions made necessary by the detection of metal in his body, and vacations taken by his attorney. A substantial portion of that lapse in time, however, was attributable to the State's January 4, 1999 request for more time to investigate hairs found at the crime scene on the date of the incident, of

which the prosecutor claimed he had only recently become aware. The court delayed the proceedings to allow the State to conduct its investigation, but on June 23, 1999, the State abandoned its investigation because of concerns over the time needed to obtain forensic results.  Forte moved to dismiss the indictment on February 1, 2000, claiming that his right to a speedy trial was violated by 287 days of unnecessary delay.  The court summarily denied Forte's motion on March 22 and trial began on April 4.

At trial, Stephens testified and behaved in an erratic and inflammatory manner during cross-examination, despite the judge's repeated admonitions.  At one point, Stephens referred to Forte's "parole officer" and his "rap sheet . . . which has rapes of little girls."  The judge promptly instructed the jury to disregard the statement because it was "totally improper" and "has no evidentiary value whatsoever."  Forte's counsel moved for a mistrial after Stephens' comment, at the close of Stephens' testimony, again later in the trial, and once more at the close of the State's case.  All four motions were denied. Forte's counsel also requested that an additional curative instruction be given to the jury.  The court gave counsel the opportunity to draft such an instruction, but it appears that none was submitted to the court.

Other evidence at trial included testimony from criminologist Mary Eng, who testified that she was "fairly

confident" that a pubic hair found at the crime scene came from Forte. Forte also testified. He stated that he had been convicted of felonies in the past but, contrary to what Stephens said in her outburst, he had never been convicted of a sex crime. He gave an account of his whereabouts on the evening of November 14, 1997; he testified that he had gone to the bar where Stephens claimed she had been, but that he hadn't seen Stephens or her sister.

In his summation, defense counsel contended that Stephens lied about Forte's prior "rapes of little girls." Neither the State in summation nor the court in its charge made reference to Stephens' comment. Following the charge, defense counsel objected to the court's failure to include a curative instruction concerning Stephens' testimony. The court rejected this request, observing that a curative instruction had been given immediately after the comment was made by Stephens and that both the prosecution and the defense had "bandied about" the comment during the trial and thus had time to address it before the jury.[1]

The jury convicted Forte of Rape in the First Degree, Sodomy in the First Degree, and Kidnapping in the Second Degree

---

[1] The court indicated that it understood defense counsel's objection to turn on the jury's evaluation of Stephens' credibility. The charge required the jury to evaluate Stephens' testimony "as she testified here in court."

5

on May 24, 2000.  He was sentenced to three consecutive terms of fifteen years' imprisonment.  The Appellate Division unanimously affirmed Forte's conviction, People v. Forte, 771 N.Y.S.2d 342 (App. Div. 1st Dep't 2004), finding that his right to a speedy trial had not been violated because much of the delay was attributable to Forte himself and because he had not demonstrated prejudice; and that Stephens' behavior at trial did not provide a basis for mistrial, "since the jury is presumed to have followed the court's prompt and effective curative instructions," id. at 343.  The New York Court of Appeals denied Forte leave to appeal on April 20, 2004.  People v. Forte, 811 N.E.2d 42 (N.Y. 2004).  In a petition for a writ of coram nobis filed on April 26, 2005, Forte claimed that his appellate counsel had been ineffective by failing to argue that the photo array and lineup were unfairly suggestive and that one of the State's witnesses testified falsely at trial that Stephens had identified Forte in a photo array.  The Appellate Division denied Forte's petition on September 26, 2006; the New York Court of Appeals denied leave to appeal on January 5, 2007.  The instant petition, received by this Court's Pro Se Office on February 28, 2007, challenges Forte's conviction on three grounds: (1) the State violated his right to a speedy trial; (2) Stephens' misconduct during her testimony deprived Forte of a

fair trial; and (3) appellate counsel provided ineffective assistance.

Forte's first objection concerns the merits of his speedy trial claim. The Appellate Division found that Forte's right to a speedy trial had not been violated because much of the delay was attributable to Forte himself: "Most of these adjournments resulted from defendant's refusal to submit to security procedures, thus preventing his being produced in court, from motion practice engendered by this refusal and by his refusal to provide hair samples, and from defense counsel's unavailability." People v. Forte, 771 N.Y.S.2d 342, 342 (App. Div. 1st Dep't 2004). Further, the Appellate Division found that Forte had not demonstrated prejudice. The June 11 Opinion rejected the speedy trial claim, finding that Forte had not shown that the Appellate Division's denial of the claim was an unreasonable application of the Supreme Court's Sixth Amendment jurisprudence. See Doggett v. United States, 505 U.S. 647 (1992); Barker v. Wingo, 407 U.S. 514 (1972). In particular, the June 11 Opinion observed that "Forte admits that some of the delay in his trial was not attributable to the State; he failed to assert a speedy trial claim until he had been in custody for nearly two years; and he failed to demonstrate prejudice resulting from the delay."

In his objection, Forte claims that the Appellate Division erred in its determination that the delay in his trial was attributable to his own conduct. Forte now contends that he never admitted that some of the delay in his trial was not attributable to the State, and further that there was no evidence produced before the trial court to support such a finding. Even if Forte were correct that there were factual disputes as to the cause for the delay in his trial, his speedy trial claim would be rejected. Under Doggett, the Court must consider four factors in assessing a speedy trial claim: (1) whether the delay was "uncommonly long"; (2) "whether the government or the criminal defendant is more to blame for that delay"; (3) whether the defendant asserted the claim "in due course"; and (4) the prejudice sustained by the defendant. Doggett, 505 U.S. at 647, 651.

Forte moved for dismissal of the indictment on speedy trial grounds on February 1, 2000, at which point he had been in custody for over two years. Assuming that this is an uncommonly long delay, and that more of the delay is attributable to the State than to Forte, at least some of the delay was clearly attributable to Forte. For example, the delay from July 29 through September 2, 1998 was a result of the withdrawal of Forte's attorney due to a conflict of interest. Likewise, delays in January 1999 occurred when Forte was not produced due

8

to Department of Corrections allegations that Forte posed a security risk.  Forte has not specifically disputed that he posed a security risk, but rather challenges in general terms the sufficiency of the evidence before the trial court on his speedy trial motion.[2]  As to the third factor, Forte does not object to the June 11 Opinion's finding that he waited nearly two years to file his speedy trial motion.  This delay in asserting his claim "weighs heavily" against Forte.  United States v. Vasquez, 918 F.2d 329, 338 (2d Cir. 1990).  Finally, Forte contends in his objection that he was prejudiced by the delay because he was "unable to remain in contact" with two alibi witnesses.  This is insufficient to show prejudice because, as the Report correctly notes, Forte "offers no evidence that his inability to produce these witnesses at trial was because of the delay."  Further, Forte presented four witnesses in his behalf at trial.  Upon de novo review of Forte's petition and objections, and having balanced the Doggett factors as presented by this case, the Court finds that Forte

---

[2]  In his objection, Forte contends that he "submit[ted] evidence to court to show that the Department of Corrections was trying to circumvent petitioner's procedural due process rights."  This argument was not presented to the Appellate Division, in Forte's habeas petition, or to Magistrate Judge Ellis, and therefore will not be considered here.  See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); Strogov v. Attorney Gen. of N.Y., 191 F.3d 188, 191 (2d Cir. 1999).  Moreover, the record citation Forte provides for this assertion leads to wholly irrelevant evidence.

has not demonstrated that the Appellate Division misapplied Supreme Court law governing speedy trial claims. Accordingly, Forte's speedy trial claim is rejected.

Forte's second objection concerns victim Tiesha Stephens' outbursts during her cross-examination at Forte's trial. Forte contends that "[t]he numerous statements made by Stephens in the presence of the jury were enough to provide a basis for a conviction and remove the reasonable doubt that existed in this case."

"The introduction of improper evidence against a defendant does not amount to a violation of due process unless the evidence 'is so extremely unfair that its admission violates fundamental conceptions of justice.'" Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998) (quoting Dowling v. United States, 493 U.S. 342, 352 (1990)). Moreover, to establish a constitutional violation based on the jury's exposure to this evidence, the evidence must have been "sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it." Id. (citation omitted).

As the Report correctly observed, Forte has marshaled "no evidence to suggest that the jury believed the majority of her testimony because of her false statements or that these false statements were sufficiently material to affect the verdict."

Indeed, the specter of untruthfulness hung over all of Stephens' testimony.  The trial court's curative instruction after Stephens' outburst instructed the jury to disregard her statements about Forte's criminal past.  During summation, Forte's counsel informed the jury that Stephens lied about Forte's criminal past in order to inflame the jurors' passions, and neither the prosecution nor the court intervened to correct defense counsel.  Further, the court instructed the jury to evaluate Stephens' credibility "as she testified here in court," and the jury was given the opportunity to evaluate Stephens' testimony in light of Forte's own testimony that he had never been arrested for a sex offense.  There is thus no basis to believe that Stephens' outbursts formed the basis for the jury's verdicts.  Indeed, in light of the substantial evidence of Forte's guilt -- Stephens' identification of Forte, the testimony of Stephens' sister, defendant's own testimony, and the testimony of criminologist Mary Eng that "there were no significant differences" between a pubic hair found at the scene of the crime and Forte's pubic hair -- Forte has failed to show that Stephens' outbursts affected the outcome of his trial.

Moreover, Forte relies on outdated precedent to argue that the trial court's curative instruction failed to remedy Stephens' outbursts.  As noted in the June 11 Opinion, the Supreme Court recognizes the presumed curative effect of prompt

instructions by the court.  See Greer v. Miller, 483 U.S. 756,
766 & n.8 (1987).  Forte has marshaled no argument that the
Appellate Division incorrectly applied the law in finding that
"[t]he outbursts by the complaining witness did not provide a
basis for the drastic remedy of a mistrial, since the jury is
presumed to have followed the court's prompt and effective
curative instructions."  Forte, 771 N.Y.S.2d at 343.  See also
United States v. Casamento, 887 F.2d 1141, 1154 (2d Cir. 1989);
United States v. Tutino, 883 F.2d 1125, 1136-37 (2d Cir. 1989).

Finally, Forte's third objection concerns his appellate counsel's alleged ineffectiveness.  Forte claims that appellate counsel was ineffective for failing to raise two arguments concerning Stephens' identification of him.  The objection merely rehearses arguments Forte made in his application for a writ of coram nobis, which comprised part of his habeas petition.  As the Report observed, Forte's claim failed both because appellate counsel's conduct was not objectively unreasonable and because Forte failed to establish prejudice from counsel's alleged errors.  On a claim of ineffective assistance of appellate counsel, "a petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker."  Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994).

Forte's claim of ineffective assistance turns first on an assertion that Stephens' identification of him in a photo array and lineup was the result of unduly suggestive police procedures, and that this was a "significant and obvious issue" for appeal. This argument is meritless. "[A] prior identification from a photo array will be excluded only if the procedure is so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law." United States v. Anglin, 169 F.3d 154, 161 (2d Cir. 1999) (citation omitted). A photo array is improperly suggestive if "the picture of an accused, matching descriptions given by the witness, so stood out from all of the other photographs as to suggest to an identifying witness that [that person] was more likely to be the culprit." United States v. Thai, 29 F.3d 785, 808 (2d Cir. 1994) (citation omitted).

Prior to the photo array and lineup in which she identified Forte, Stephens informed the police that her sister had cut Forte above his left eye. Forte objects to being the only individual with a scar depicted in the photo array and lineup. The Court has examined the photograph of Forte used in the photo array as well as the photograph of the lineup. As the Report also found, no scar is discernible above Forte's eye in the photographs, and thus there is no basis for Forte's claim that the photo array and lineup were unduly suggestive. Appellate

counsel's failure to raise the photo array and lineup issue therefore does not constitute deficient performance, "for counsel does not have a duty to advance every nonfrivolous argument that could be made." Cuoco v. United States, 208 F.3d 27, 32 (2d Cir. 2000) (citation omitted).

Second, Forte claims that appellate counsel was ineffective in failing to object to a police officer's trial testimony that Stephens had identified Forte in a photo array, in violation of New York state law. It is clear that the police officer's testimony was elicited by the prosecution to correct the impression that Stephens had identified someone other than Forte as the perpetrator.[3] Appellate counsel's decision not to raise the issue on appeal is therefore not unreasonable. Further, Forte has alleged no non-speculative prejudice arising from this decision. See Strickland v. Washington, 466 U.S. 668, 687-94 (1984).

CONCLUSION

The recommendation of Magistrate Judge Ellis is adopted and the petition for a writ of habeas corpus is denied. In addition, the Court declines to issue a certificate of appealability. Forte has not made a substantial showing of a

---

[3] While Stephens initially identified another man as a "possible perpetrator[] of this crime," she later told the police that this man was "not the guy who raped her," and identified Forte as her assailant.

14

denial of a federal right, and appellate review is therefore not warranted. Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall dismiss the petition.

SO ORDERED:

Dated: New York, New York
September 5, 2008

DENISE COTE
United States District Judge

Copies sent to:

Anthony Forte  
No. 00A2884  
Green Meadow Correctional Facility  
P.O. Box 51  
Comstock, NY 12821

Nancy D. Killian  
Christopher J. Blira-Koessler  
Assistant District Attorneys  
Bronx County  
198 East 161st Street  
Bronx, NY 10451